**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KENNETH ALLYN CARSON,<br>Plaintiff,<br>v.<br>ASPEN TALLEY, *et al.*,<br>Defendants. | Civil Action No.<br>1:24-cv-02361-SDG |

**OPINION AND ORDER**

This case is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge Regina D. Cannon [ECF 9], which recommends that *pro se* Plaintiff Kenneth Allyn Carson's 42 U.S.C. § 1983 civil rights action be dismissed. Carson has filed two sets of objections to the R&R [ECFs 12, 13], as well as a motion for discovery [ECF 14]. After careful consideration, Carson's objections are **OVERRULED**, and the R&R is **ADOPTED** as to its recommendation of dismissal. The amended complaint is **DISMISSED without prejudice**. Carson's motion for discovery is **DENIED as moot**.

## I. BACKGROUND

Carson filed the instant § 1983 action raising a claim of malicious prosecution. In his amended complaint, Carson claims that when he went to the police station to pick up his minor son, who had been detained, he was arrested.[1]

1 ECF 5, ¶ IV.

He alleges that he was not accused of a crime by any victim, he did not commit a crime, and he was unlawfully held at the Gwinnett County Jail for nearly two years.[2] He seeks only monetary relief.[3]

Judge Cannon reviewed the complaint pursuant to 28 U.S.C. § 1915A. Taking judicial notice of the records of the Superior Court of Douglas County, Georgia, the R&R notes that, on January 16, 2025, Carson was convicted of numerous drug trafficking crimes.[4] Before a plaintiff may recover money damages for malicious prosecution, he must first demonstrate that he prevailed in the criminal action or that his conviction was invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Relying on *Heck*, the R&R concludes that, because Carson had failed to allege facts showing that his conviction was no longer valid, he failed to state a claim for relief.[5] The R&R thus recommends that this case be dismissed.

## II. APPLICABLE LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and

---

2 *Id.*

3 *Id.* ¶ V.

4 ECF 9, at 3.

5 *Id.* at 3-4.

must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## III. DISCUSSION

In his first set of objections, Carson asserts that his criminal case "was totally dismissed and all false [allegations] were dismissed."[6] In his second set of

---

6 ECF 12.

objections, Carson takes issue with the R&R's characterization of his complaint as raising a claim of false arrest and instead insists that he clearly raised a claim for malicious prosecution.[7]

The Court notes that it is not entirely clear that Carson's January 2025 Douglas County conviction referenced in the R&R is the same criminal case that Carson is complaining about here, as the amended complaint references Gwinnett County, and the original complaint discloses a related lawsuit that was dismissed without prejudice in February 2023. On the one hand, Carson did not specifically object to the R&R's reasoning on this point. On the other, even assuming there was a separate Gwinnett County case against Carson that was dismissed, the amended complaint fails to plausibly allege a § 1983 malicious prosecution claim.[8] His allegations that he was arrested and prosecuted for a crime he did not commit, without more, are simply "a formulaic recitation of the elements of a cause of action" that do not satisfy federal pleading standards. *Ashcroft v. Iqbal*, 556 U.S.

---

7 ECF 13.

8 A § 1983 malicious prosecution claim contains essentially six elements: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff's favor; (4) that caused damage to the plaintiff; (5) the legal process justifying the plaintiff's seizure was constitutionally infirm; and (6) the plaintiff's seizure would not otherwise be justified without legal process. *Butler v. Smith*, 85 F.4th 1102, 1111–12 (11th Cir. 2023).

662, 678 (2009). Accordingly, Carson's objections are overruled, and his amended complaint is subject to dismissal.

## IV. CONCLUSION

Carson's objections to the R&R [ECFs 12, 13] are **OVERRULED**, and undersigned **ADOPTS** the R&R's recommendation of dismissal [ECF 9]. For the reasons stated herein, this case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A. Carson's motion for discovery [ECF 14] is **DENIED as moot**.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge